UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIE DELORES KING<br>　　3903 Brown Street<br>　　Alexandria, Louisiana 71302<br><br>　　　　　　　Plaintiff<br><br>　　Vs.<br><br>CHRISTUS HEALTH,<br><br>CHRISTUS HEALTH CENTRAL LOUISIANA,<br><br>　　AND<br><br>CHRISTUS CONTINUING CARE<br>　　6363 N. Highway 161, Ste. 450<br>　　Irving, Texas 75038<br><br>　　Operating in Louisiana under the<br>　　 Trade Name of<br><br>　　CHRISTUS DUBUIS HOSPITAL<br>　　OF ALEXANDRIA<br>　　　　3330 Masonic Drive, Fourth Floor<br>　　　　Alexandria, Louisiana 71301<br><br>　　　　　　　Defendants | Civil Action<br>No.: |

## CIVIL ACTION COMPLAINT

　　Plaintiff Willie Delores King, by and through her attorney, Ernie L. Vallery, hereby brings this complaint against CHRISTUS HEALTH, CHRISTUS HEALTH CENTRAL LOUISIANA, AND CHRISTUS CONTINUING CARE operating in Louisiana under the Trade

Name of CHRISTUS DUBUIS HOSPITAL OF ALEXANDRIA (herein afterwards, sometimes "Defendants") and in support thereof avers as follows:

## I.   NATURE OF THE ACTION

1. This is an action under Title I of the Americans with Disabilities Act of 1990, its 2008 amendments, and the Louisiana Employment Discrimination Law to correct unlawful employment practices based on disability and to provide appropriate relief to Ms. Willie Delores King who Defendants adversely affected by such practices. Plaintiff alleges that the Defendants failed to provide her a reasonable accommodation and terminated her employment because of her disability. Defendants discriminated against Plaintiff by failing to provide her with a reasonable accommodation required by her medical condition of residuals from surgery on a torn shoulder rotator cuff and discharged her because of her disability in violation of the Americans with Disabilities Act, its 2008 amendments, and the Louisiana Employment Discrimination Law.

## II.   PARTIES

2. Plaintiff Willie Delores King (herein afterwards sometimes also "Ms. King" or "Claimant") is an adult citizen of the State of Louisiana, residing therein at 3903 Brown Street, Alexandria, Louisiana 71302.

3. The Louisiana Secretary of State identifies Defendant CHRISTUS HEALTH as follows:

    - Annual Report Status for this active non-Louisiana, non-profit corporation or co-op: In Good Standing

    - Domicile: C/O Corporate Secretary, 919 Hidden Ridge, Irving, Texas 75038

    - Principal business address: 919 Hidden Ridge, Irving, Texas 75038

- Registered Louisiana office and principal business establishment: 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129

- Registered Agent: Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129

4. The Louisiana Secretary of State identifies Defendant CHRISTUS HEALTH CENTRAL LOUISIANA as follows:

   - Annual Report Status for this active Louisiana, non-profit corporation or co-op: "In Good Standing"

   - Domicile: 3330 Masonic Dr., Alexandria, LA 71301

   - Registered Agent: Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129

5. The Louisiana Secretary of State identifies Defendant CHRISTUS CONTINUING CARE operating in Louisiana under the Trade Name of CHRISTUS DUBUIS HOSPITAL OF ALEXANDRIA as follows:

   - Annual Report Status for this active non-Louisiana, non-profit corporation or co-op: In Good Standing

   - Domicile and principal business address: 919 Hidden Ridge, Irving, Texas 75038

   - Registered Louisiana office and principal business establishment: 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129

   - Registered Agent: Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802-6129

### III. JURISDICTION AND VENUE

6. Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. § 451, 1331, 1337, 1343, and 1345 and institutes this action pursuant to the following provisions:

   - The Americans with Disabilities Act of 1990 ("ADA", 42 U.S.C. § 12117 (a), which incorporates by reference Section 706 (f) (1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII", 42 U.S.C. §2000e-5(f) (1) and (3),
   - Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a,
   - The Americans with Disability Act Amendment Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553, and
   - The Louisiana Employment Discrimination Law, La. R.S. 23:301, et seq.

7. The employment practices alleged to be unlawful herein Defendants committed within the jurisdiction of the United States District Court for the Western District of Louisiana.

### IV. FACTS

8. On 31 August 2010, Plaintiff tore ligaments in the rotator cuff of her left shoulder. While working for Defendants as an LPN in Alexandria, Louisiana she helped a patient move from a bed to a chair. The patient tilted into her, pinned Claimant's hand, and strained her shoulder, thus causing the rupture.

9. Until 3 December 2010, Plaintiff continued light duty work.

10. Four days later, 7 December 2010, the day that Dr. Michael Brunet performed reconstructive surgery on Ms. King's shoulder, Plaintiff began receiving workers compensation.

11. Months later following a 2 June 2011 examination, Dr. Brunet informed Ms. King that he was not yet ready to authorize her return to work. Further functional capacity evaluations he felt needed to be done.

12. Of Dr. Brunet's conclusion, Plaintiff, that day, informed Stephen Peters, one of Defendants' administrators.

13. That day, also, Ms. King called Ms. Gaye Beck with Christus Dubuis Health System Human Resources Department in Houston, Texas. Ms. Beck had already received a fax from Stephen Peters that included a copy of Dr. Brunet's 2 June status report recommending a functional capacity evaluation for Claimant prior to her returning to work. Despite the physician's recommendation, Ms. Beck informed Plaintiff that the hospital would terminate Plaintiff's employment on 07 June 2011.

14. In response, Ms. King asked if the hospital could wait on making the termination decision until after Dr. Brunet had received, studied, and responded to the functional capacity evaluation.

15. Ms. Beck replied, "No", adding that if after the tests, Dr. Brunet released Claimant to return to work without restrictions, Ms. King could reapply for employment with Defendants. If this she did within ninety days, Ms. Beck continued, Plaintiff would regain her previous employment status.

16. On 1 July 2011, Ms. King again called Stephen Peters. Buttressed by Dr. Brunet's report, that reflecting on Plaintiff's 17 June functional capacity evaluation, Ms. King asked if she could return to her job given her ability to perform the important duties of an LPN.

17. In reply, Mr. Peters instructed that Ms. King call Ms. Beck. She, he thought, could determine if Plaintiff's residual functional capacity limitations fell within LPN guidelines.

18. Immediately after talking with Mr. Peters, Ms. King called Ms. Beck. In that conversation, Ms. Beck informed that the hospital could not rehire Plaintiff given Plaintiff's RFC restrictions.

19. Claimant then asked, "Why?" She could still do her important LPN duties—pass out medications, take doctors' orders, do documentation. Her job required none of the overhead lifting against which Dr. Brunet cautioned and neither of the other restrictions Dr. Brunet identified prevented her from doing her important duties.

20. About this Ms. Beck advised that Ms. King speak to a recruiter.

21. Ms. Beck then transferred Ms. King's call to one of Defendants' recruiters who informed Claimant that the hospital was hiring only registered nurses and respiratory therapist—no LPN's.

22. Since Ms. King's termination, she has remained unemployed. The consequential loss of income, benefits, and social interaction has led Plaintiff into often painful, sometime desperate, economic, physical, and emotional circumstances.

## CLAIM

## AMERICANS WITH DISABILITIES ACT

## 42 U.S.C. 12101 et.seq.

## AMERICANS WITH DISABILITIES ACT AMENDMENT ACT

## Pub. L. No. 110-325, 122 Stat. 3553

## And

## LOUISIANA EMPLOYMENT DISCRIMINATION LAW

## LA. R.S. 23:301, et seq.

## DISCRIMINATION

23. Ms. King incorporates the allegations in paragraphs 1 through 17 above as though repeated individually herein.

24. The Americans with Disabilities Act states that it shall be unlawful for an employer to "discriminate against a qualified individual with a disability because of the disability of such individual in regard to …terms, conditions and privileges of employment" 42 U.S.C. §12112. This language the Louisiana Employment Discrimination Law tracks.

25. Plaintiff is a qualified individual under the terms of the Act with a disability in the form of residuals from surgery on a ruptured shoulder rotator cuff. (See ADA Amendments Act of 2008, Sec. 4, § 3 (2) (A), 122 Stat. 3553, 3555.)

26. With his 2 June 2011 status report recommending a functional capacity evaluation for Claimant prior to her returning to work, Plaintiff's treating physician, Dr. Brunet, constructively requested that Defendants grant Ms. King a reasonable accommodation for her LPN job.

27. Additionally, Plaintiff asked Defendants on 2 June 2011 for limited leave so that Dr. Brunet could review and reflect on Plaintiff's residual functional capacity (RFC).

28. On Defendants' receipt of these requests, ADA provisions required that Defendants begin an informal interactive process to clarify Plaintiff's needs and identify the appropriate reasonable accommodations she may need.

29. Instead, without initiating this informal interactive process, Defendants fired Plaintiff on 7 June 2011.

30. Plaintiff was able to perform the essential functions of her position with the following reasonable accommodations:

- Additional unpaid leave sufficient to allow her treating physician to evaluate Plaintiff's RFC testing, and
- Accommodations for the restrictions that her RFC later indentified

31. Plaintiff suffered an adverse employment action when Defendants terminated her.

32. Defendants, thereby, discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment because of her disability by discharging her due to her work-related disability without providing Claimant reasonable accommodation in violation of the ADAAA, 42 U.S.C. § 12111 (9) (B) (1994); 29 C.F.R. §1630.2 (o) (2) (ii) (1997), ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553-3558, 29 C.F.R. §1630 and specifically § 1630 (j) (2) – (6), and the Louisiana Employment discrimination Law's similar provisions.

33. Further, the Defendants' failure to engage in the informal interactive process after multiple requests for a reasonable accommodation evidences bad faith subjecting the Defendants to compensatory and punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a) Enter a declaratory judgment that Defendants' acts complained of herein have violated and continue to violate the rights of Plaintiff;

b) Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

c) Award reasonable costs and attorney's fees;

d) Grant legal interest,

e) Award punitive damages; and

f) Grant any other relief this Court deems just and proper under the circumstances

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues subject to such.

16 June 2014

Respectfully submitted,

s/ Ernie L. Vallery

ERNIE L. VALLERY, 13001
526 Murray Street
Alexandria, Louisiana 71301
(318) 442-6565
ernievallery@att.net

Attorney for Plaintiff,

WILLIE DELORES KING